```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION
```

DAVID TYRONE MARTIN,              :
                                  :
     Petitioner,                  :
                                  :
vs.                               :     CIVIL ACTION 14-0370-CB-M
                                  :
JAMES REYNOLDS,                   :
                                  :
     Respondent.                  :

                    REPORT AND RECOMMENDATION

   This is an action under 28 U.S.C. § 2254 by an Alabama inmate that was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required.  It is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent James Reynolds and against Petitioner David Tyrone Martin pursuant to 28 U.S.C. § 2244(d).  It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

   Petitioner was convicted of unlawful possession of cocaine

in the Mobile County Circuit Court on October 17, 1997 for which he received a ten-year sentence in the state penitentiary (Doc. 1, p. 2; *see also* Doc. 3, p. 3).  Martin did not appeal his conviction or sentence (Doc. 1, p. 3; Doc. 3, p. 4).

Petitioner filed a State Rule 32 petition on March 2, 1999 (*see* Doc. 3, Exhibit A, p. 2).  Following the denial of the petition by the lower court, the Alabama Court of Criminal Appeals dismissed the appeal for Martin's failure to file a brief (*see id.*).

A second Rule 32 petition was filed on January 7, 2002 that was summarily dismissed (*see id.*).  On June 21, 2002, the Alabama Court of Criminal Appeals affirmed the denial of the petition (Doc. 3, Exhibit A).  Martin was unsuccessful in getting the Appellate Court to rehear his case (*see* Doc. 3, p. 5) and, on August 27, 2002, a certificate of judgment was entered (Doc. 3, Exhibit B).

Martin filed a third Rule 32 petition in March 2010 that was denied on April 15, 2011 (*see* Doc. 3, p. 5).  No appeal was filed (*see id.*).

Petitioner filed his fourth and final Rule 32 petition on September 30, 2011; it was denied and dismissed on January 23, 2013 (Doc. 3, Exhibit C, pp. 1-2).  The Alabama Court of Criminal Appeals affirmed the denial (Doc. 3, Exhibit C).  A

certificate of judgment was entered on June 25, 2014 (Doc. 3, Exhibit D).

Petitioner filed a complaint with this Court on July 30, 2014 raising the following single claim:  His conviction is void and his sentence illegal because the sentencing judge was not the judge who conducted the plea colloquy to determine if Martin was knowingly and voluntarily pleading to the charge against him (Docs. 1, 9).

Respondent has answered the petition, arguing that it should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 3, pp. 6-7).  Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) that amended, in pertinent part, 28 U.S.C. § 2244.  The specific provision states as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A).

The AEDPA became effective on April 24, 1996.  *Goodman v.*

3

*United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).

Petitioner's conviction became final on November 28, 1997, the last day he could file an appeal.  Ala.R.App.P. 4(b)(1) ("In a criminal case a notice of appeal by the defendant shall be filed with the clerk of the trial court within 42 days (six weeks) after pronouncement of the sentence, provided that the notice of appeal may be oral, as provided in Rule 3(a)(2)").  On the next day, November 29, 1997, the AEDPA limitations clock began to run, running until November 28, 1998 at which time it stopped.

Martin's habeas corpus petition was not filed in this Court until July 30, 2014, more than fifteen years after the AEDPA clock stopped.  Petitioner filed his first Rule 32 petition in State court on March 2, 1999, nearly three months after the limitations period had expired.  The Eleventh Circuit Court of Appeals has held that "[a] state court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000).  Martin's Rule 32 petition was filed too late to toll the statute.

Petitioner's habeas corpus petition was filed well beyond the one-year grace period and filed in violation of 28 U.S.C. §

4

2244(d).  The Court finds that Petitioner has provided no cause for ignoring the Anti-Terrorism and Effective Death Penalty Act of 1996:  this action is time-barred.

For the reasoning stated herein, it is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent James Reynolds and against Petitioner David Tyrone Martin pursuant to 28 U.S.C. § 2244(d).

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied.  28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).  A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

5

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As Martin has not filed this action in a timely manner, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that he should be allowed to proceed further.  *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied.  It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within

fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    DONE this 25th day of February, 2015.


                                    s/BERT W. MILLING, JR.
                                    UNITED STATES MAGISTRATE JUDGE